EXHIBIT A

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | Civil Action No.:  2020-CP-26-02766 |

Cleve G. Ambrose, III,

       Plaintiff,

          vs.

Gerald E. Baum, Grand Strand Regional Medical Center, LLC, and LM General Insurance Company d/b/a Liberty Mutual Insurance,

       Defendants.

**AMENDED SUMMONS**

**TO THE DEFENDANT(S) ABOVE-NAMED:**

      YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the below subscribed attorney at his office at 4728 Jenn Drive, Suite 102, Myrtle Beach, South Carolina 29577 within thirty (30) days after the service hereof exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this action.

                **SANSBURY LAW FIRM, LLC**

                *s/Christopher Kinon*
                Christopher C. Kinon
                S.C. Bar # 103719
                Robert R. Sansbury, III
                S.C. Bar # 77384
                4728 Jenn Drive, Suite 102
                Myrtle Beach, SC 29577
                ATTORNEYS FOR THE PLAINTIFF

Dated:  January 21, 2021

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF HORRY | ) | Civil Action No.:  2020-CP-26-02766 |

| | | |
|---|---|---|
| Cleve G. Ambrose, III, | | |
| Plaintiff, | | |
| vs. | | **AMENDED COMPLAINT** |
| Gerald E. Baum, Grand Strand Regional Medical Center, LLC, and LM General Insurance Company d/b/a Liberty Mutual Insurance, | | **(Jury Trial Demanded)** |
| Defendant. | | |

THE PLAINTIFF, by and through the undersigned attorneys, complaining of the Defendants, says as follows:

1.      The Plaintiff is a citizen and resident of the County of Horry, State of South Carolina.

2.      Upon information and belief, the Defendant, Gerald E. Baum ("Defendant Baum") is a resident of the County of Berks, State of Pennsylvania.  Defendant Baum was the driver of the Kia van that was involved in this accident which was insured by Defendant, LM General Insurance Company d/b/a Liberty Mutual Insurance.

3.      Upon information and belief, the Defendant, Grand Strand Regional Medical Center, LLC ("Defendant GSRMC") is a South Carolina for-profit hospital with its principal place of business in Horry County, South Carolina.

4.      Upon information and belief, the Defendant  LM General Insurance Company d/b/a Liberty Mutual Insurance ("Defendant Liberty Mutual") is an automobile insurance company

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

doing business in South Carolina.  Defendant Liberty Mutual insured Defendant Baum's Kia van that was involved in the accident which is the subject of this lawsuit.

5.      The automobile accident, which is the subject of this action, occurred in the County of Horry, State of South Carolina, on or about December 27, 2019.

6.      On or about December 27, 2019, the Plaintiff was a passenger in a 2006 Nissan sedan Eastbound on 79th Avenue in Myrtle Beach, South Carolina.

7.      At approximately the same time the Defendant Baum was driving his Kia van south, attempting to enter 79th Avenue N from a parking lot.

8.      The Defendant Baum failed to yield the right of way making the turn, striking Plaintiff's vehicle in the front passenger side.

9.      As a result of this automobile accident, Plaintiff treated for his injuries at Grand Strand Regional Medical center, which is owned and operated by Defendant GSRMC.

10.     Defendant GSRMC was aware that Plaintiff was a military veteran who was entitled to military health insurance benefits through the Department of Veterans Affairs ("the VA") (Exhibit "1").  Defendant GSRMC, by billing the VA entered into an express or implied contract to abide by all applicable VA regulations and law concerning the billing of health insurance at their facility. Id. Defendant GSRMC did in fact bill Plaintiff's military health insurance, generating VA Claim ID # 302001200006931000. Id.  The VA paid GSRMC $425.67, which under VA regulations Defendant GSRMC was required to accept as "payment in full for the approved dates of service." Id.  Defendant GSRMC was further aware that "the Veteran or any other party may not be billed for any portion of the care authorized by VA." Id.

11.     Despite Defendant GSRMC billing the VA and receiving compensation from the VA for Plaintiff's medical treatment from this automobile accident, Defendant GSRMC did

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

collude and conspire with Defendants Baum and Liberty Mutual to receive additional payments related to Plaintiff's medical treatment at Defendant GSRMC in the amount of $10,719.90 (Exhibit "2"). All Defendants were, or should have been fully aware that such additional payments were forbidden under applicable VA laws and regulations, yet accepted the payments anyways.

12.    Plaintiff retained counsel on January 9, 2020. Defendant Liberty Mutual was aware of Plaintiff Counsel's representation as early as January 20, 2020, and indeed Defendant Liberty Mutual corresponded with Plaintiff's counsel early on in this case (Exhibit "3").[1]

13.    Upon information and belief, Defendant Liberty Mutual was not authorized by Plaintiff to communicate and negotiate with GSRMC as to Plaintiff's medical bills related to this automobile accident. Furthermore, Defendants Liberty Mutual and GSRMC did in fact interfere with Plaintiff's attorney-client contract and/or their contract with the VA by negotiating and paying on Plaintiff's medical bills without Plaintiff's (or Plaintiff's counsel's) knowledge or consent. These actions robbed Plaintiff and his attorney of the ability to negotiate Plaintiff's medical bills on their own, apply the VA payment as payment in full, and otherwise deprived Plaintiff of a higher net recovery in this case. *See e.g.* Covington v. George, 359 S.C. 100, 597 S.E.2d 142 (2004) ("payments made to a medical provider by an insurance carrier on behalf of an insured and amounts accepted by medical providers are one and the same. Regardless of the label used, they are payments made by a collateral source and are not admissible in evidence for that reason.").

14.    All agents and employees of Defendants were acting in the course and scope of employment at all times herein.

---

[1] Plaintiff initially retained George Sink, PA, who corresponded with Liberty Mutual in January 2020. On April 22, 2020 George Sink, PA associated Sansbury Law Firm, LLC as litigation counsel; however, at all times George Sink, PA remains associated counsel on this matter, and at all times Liberty Mutual was aware of Plaintiff's representation and the attorney-client contract for representation has remained the same.

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to All Defendants)

15.     Plaintiff incorporates the above allegations as if fully stated herein verbatim.

16.     That the Defendants, by their acts and omissions, were negligent, negligent <u>per se</u>, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars:

        a.     In failing to maintain a proper lookout;

        b.     In failing to yield the right of way;

        c.     In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

        d.     In failing to obtain authorization from Plaintiff and his attorney before negotiating and paying Plaintiff's medical bills without his consent;

        e.     In failing to abide by their agreement with the VA after accepting payment for Plaintiff's medical treatment, then seeking even more recovery from additional sources.  *See* <u>Beverly v. GSRMC</u>, 429 S.C. 502, 839 S.E.2d 468 (Ct. App. 2020).

        f.     In depriving Plaintiff of his military benefits in regards to medical care; and

        g.     In failing to exercise that degree of care and caution which a reasonable and prudent person, company, and corporation would have exercised under the same or similar conditions.

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of the State of South Carolina.

## FOR A SECOND CAUSE OF ACTION
### (Civil Conspiracy as to all Defendants)

17.     Plaintiff incorporates the above allegations as if fully stated herein verbatim.

18.     That Defendants, acting in combination of two or more persons, entities and/or companies did join for the purpose of injuring the Plaintiff which caused special damages to Plaintiff – *to wit,* depriving Plaintiff of his military benefits and health insurance thereby resulting

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

in a lower net recovery from any automobile accident settlement or verdict, knowingly interfering with Plaintiff's attorney-client relationship in the form of depriving Plaintiff's counsel the ability to negotiate the medical bills on Plaintiff's behalf, and in demanding and accepting additional payments for Plaintiff's automobile accident medical bills, when the laws and regulations surrounding Plaintiff's VA benefits prohibited the same.

## FOR A THIRD CAUSE OF ACTION
### (Unfair Trade Practices as to Defendants GSRMC and Liberty Mutual)

19.    Plaintiff incorporates the above allegations as if fully stated herein verbatim.

20.    That the above allegations amount to "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" as contemplated by the South Carolina Unfair Trade Practices Act ("SCUTPA").

21.    That a violation (or violations) of the SCUTPA has occurred in depriving Plaintiff of his military benefits and health insurance thereby resulting in a lower net recovery from any automobile accident settlement or verdict, knowingly interfering with Plaintiff's attorney-client relationship in the form of depriving Plaintiff's counsel the ability to negotiate the medical bills on Plaintiff's behalf, and in demanding and accepting additional payments for Plaintiff's automobile accident medical bills, when the laws and regulations surrounding Plaintiff's VA benefits prohibited the same.

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of the State of South Carolina.

## FOR A FOURTH CAUSE OF ACTION
### (Tortious Interference with a Contract as to all Defendants)

22.    Plaintiff incorporates the above allegations as if fully stated herein verbatim.

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

23.     The Defendants knew, or should have known that Plaintiff was represented by counsel and therefore an attorney-client contract existed.

24.     Despite knowing of the existence of said contract, the Defendants intentionally procured the breach of said contract by negotiating and paying Plaintiff's medical bills without Plaintiff's (or Plaintiff's counsel's) consent at a higher rate than was permitted pursuant to the laws and regulations governing military benefits under the VA, thereby attempting to side step and ignore Plaintiff's attorney-client contract.

25.     Defendants were not justified in their actions.

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of the State of South Carolina.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract as to All Defendants)

26.     Plaintiff incorporates the above allegations as if fully stated herein verbatim.

27.     That our appellate courts have recognized a private right of action for third party beneficiaries of health insurance coverage (such as the Plaintiff) to pursue claims against wrongdoers who deprive them of their contractual rights to receive reduced payments on their medical bills.  *See* Beverly v. GSRMC, 429 S.C. 502, 839 S.E.2d 468 (Ct. App. 2020).

28.     That Defendants, acting in concert, did in fact knowingly deprive Plaintiff of his military health insurance benefits, and negotiated Plaintiff's automobile accident medical bills to be paid at a higher rate than was permitted pursuant to the VA's policies, laws, regulations, and contracts with Defendant GSRMC.

All of which were a direct and proximate cause of injuries and damages suffered by the Plaintiff herein, said acts occurring in violation of the statutes and laws of the State of South

Carolina.

29.    As a direct and proximate result of the above causes of action, the Defendants,

jointly and severally, have caused injuries and damages the Plaintiff including but not limited to:

    a.    Physical harm and injuries as a result of being in an automobile accident;

    b.    Physical and mental pain and suffering;

    c.    Losing a great amount of the enjoyment of life;

    d.    Medical expenses for doctors and other medical treatments as a result of the injury received in this accident;

    e.    Deprivation of his military health insurance benefits, resulting in lower payments to satisfy his medical bills, thereby reducing Plaintiff's in-pocket recovery from any verdict or settlement;

    f.    Interference with Plaintiff's attorney-client contract and the laws, regulations and contracts pertaining to Defendants' medical bills with the VA health insurance;

    g.    Attorney fees, costs, and increased damages due to Defendants' joint actions;

    h.    other injuries which are permanent and continuing, the facts of which are to be proven at the trial of this case.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and

severally, for actual and punitive damages, for pre-judgment and post-judgment interest, for the

costs of this action, and for such other and further relief that this Court deems just, equitable, and

proper

**SANSBURY LAW FIRM, LLC**

*s/Christopher Kinon*
Christopher C. Kinon
S.C. Bar #103718
Robert R. Sansbury, III
S.C. Bar # 77384
4728 Jenn Drive, Suite 102
Myrtle Beach, SC 29577
ATTORNEYS FOR THE PLAINTIFF

Dated:  January 21, 2021

ELECTRONICALLY FILED - 2021 Jan 21 11:26 AM - HORRY - COMMON PLEAS - CASE#2020CP2602766

100008772015

THIS IS NOT A BILL

0

**Department of Veterans Affairs**
**Financial Services Center**
**Financial Healthcare Service**

September 1, 2020

F7039-0176666 P006 T00301 00176666    1 AB  0.419
CLEVE  AMBROSE
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088
IIıIIʲIIˡᵗIIᵗIIᵢₙₚₚₐₜᵗᵢₙₐₚbᵗᵢIIᵖᵗᵢIIᵗᵢₚᵗᵗIIIᵗᵗᵢₙIIIᵢₙₙᵢIIᵗᵢIIᵗ

Claim ID#:
Program: 1703

## THIS IS NOT A BILL

Provider: GRAND STRAND REGIONAL MEDICAL CENTER LLC
Patient Control Number:
Claim Dates: 12/27/2019 - 12/27/2019
Authorized Dates: 12/27/2019 - 12/27/2019

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1703.  Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation(Please find remarks section at the bottom for detailed description) |
|---|---|---|---|---|---|
| 12/27/2019 | 12/27/2019 | 72100 | $634.00 | $0.00 | 93068 |
| 12/27/2019 | 12/27/2019 | 72125 | $3,741.00 | $101.28 | |
| 12/27/2019 | 12/27/2019 | 96372 | $408.00 | $0.00 | 93068 |
| 12/27/2019 | 12/27/2019 | 99284 | $3,660.00 | $324.39 | |
| 12/27/2019 | 12/27/2019 | J1885 | $72.00 | $0.00 | 93068 |
| 12/27/2019 | 12/27/2019 | **Entire Claim** | $8,515.00 | $425.67 | |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care.  As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA.  Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service.  You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

0176666



100008772015                                                    THIS IS NOT A BILL

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

Remarks:

93068 - This Procedure/Service Is Not Paid Separately.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

100008926551



THIS IS NOT A BILL

0

**Department of Veterans Affairs**
**Financial Services Center**
**Financial Healthcare Service**

September 5, 2020

F7039-0176665 P006 T00301 00176665    1 AB  0.419
CLEVE GORDON ILL  AMBROSE
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088
ᵗ|ᵗ|ᵗᵗ|ᵗ|ˡᵗ|ᵗ|ᵗᵗ|ᵗᵗᵗᵗ|ᵗᵗᵗᵗ|ᵗ|ᵗ|ᵗᵗ|ᵗᵗᵗᵗᵗ|ᵗ|ᵗ|ᵗᵗ|ᵗ|ᵗᵗᵗ

Claim ID#:
Program: 1703

**THIS IS NOT A BILL**

Provider: PAUL ZDYBEL
Patient Control Number:
Claim Dates: 12/27/2019 - 12/27/2019
Authorized Dates: 12/27/2019 - 12/27/2019

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1703. Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation |
|-----------|---------|--------------|----------------|-------------|-------------|
| 12/27/2019 | 12/27/2019 | 72125 | $289.00 | $52.58 | |
| 12/27/2019 | 12/27/2019 | 72100 | $42.00 | $11.09 | |
| 12/27/2019 | 12/27/2019 | **Entire Claim** | $331.00 | $63.67 | |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service. You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

0176665





100007729238

THIS IS NOT A BILL

0

**Department of Veterans Affairs**
**Financial Services Center**
**Financial Healthcare Service**

August 1, 2020

F6118-0239176 P007 T00408 00239176    1 AB  0.419
CLEVE GORDON AMBROSE
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088

Claim ID#:
Program: 1703

**THIS IS NOT A BILL**

Provider: GREGORY MENCKEN
Patient Control Number:
Claim Dates: 12/28/2019 - 12/28/2019
Authorized Dates: 12/28/2019 - 12/28/2019

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1703. Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation(Please find remarks section at the bottom for detailed description) |
|-----------|---------|--------------|----------------|-------------|-------------------------------------------------------------------------------|
| 12/28/2019 | 12/28/2019 | 74160 | $325.00 | $0.00 | 55008, 60102 |
| 12/28/2019 | 12/28/2019 | 71260 | $312.00 | $0.00 | 60101 |
| 12/28/2019 | 12/28/2019 | 70450 | $248.00 | $0.00 | 60102 |
| 12/28/2019 | 12/28/2019 | **Entire Claim** | $885.00 | $0.00 | |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service. You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

0239176



**100007729238**

THIS IS NOT A BILL

Remarks:

60101 - A duplicate service/procedure has been billed.
60102 - A duplicate service/procedure has been billed.
55008 - This Claim/Claim Line Has A Billing Issue.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766



100008492082

THIS IS NOT A BILL

0

**Department of Veterans Affairs**
**Financial Services Center**
**Financial Healthcare Service**

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

August 24, 2020

F7038-0179553 P006 T00301 00179553    1 AB  0.419
CLEVE AMBROSEIII
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088

Claim ID#:
Program: 1703

## THIS IS NOT A BILL

Provider: RADLEY SHORT
Patient Control Number:
Claim Dates: 12/27/2019 - 12/27/2019
Authorized Dates:

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1703. Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation(Please find remarks section at the bottom for detailed description) |
|-----------|---------|--------------|----------------|-------------|--------|
| 12/27/2019 | 12/27/2019 | 99284 | $1,087.00 | $0.00 | |
| 12/27/2019 | 12/27/2019 | Entire Claim | $1,087.00 | $0.00 | 23002 |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service. You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

Remarks:

0179553



**100008492082**

THIS IS NOT A BILL

23002 - This claim has a billing issue, which has been communicated with the provider. If you have questions regarding a corrected claim submission, please contact the community provider.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

100008490071

THIS IS NOT A BILL

0

**Department of Veterans Affairs**
**Financial Services Center**
**Financial Healthcare Service**

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

August 24, 2020

F7038-0179552 P006 T00301 00179552    1 AB  0.419
CLEVE  AMBROSE
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088

Claim ID#:
Program: 1728

**THIS IS NOT A BILL**

Provider: PAUL ZDYBEL
Patient Control Number:
Claim Dates: 12/27/2019 - 12/27/2019
Authorized Dates:

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1728. Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation(Please find remarks section at the bottom for detailed description) |
|-----------|---------|--------------|----------------|-------------|-------------------------------------------------------------------------------|
| 12/27/2019 | 12/27/2019 | 72125 | $289.00 | $0.00 | |
| 12/27/2019 | 12/27/2019 | 72100 | $42.00 | $0.00 | |
| 12/27/2019 | 12/27/2019 | Entire Claim | $331.00 | $0.00 | 70003 |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service. You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

0179552



100008490071                                                    THIS IS NOT A BILL

Remarks:

70003 - A duplicate service/procedure has been billed.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766



100008867111

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

THIS IS NOT A BILL

0

### Department of Veterans Affairs
### Financial Services Center
### Financial Healthcare Service

September 2, 2020

F7039-0176667 P006 T00301 00176667    1 AB  0.419
CLEVE GORDON III AMBROSE
205 PLANTATION RD APT B
MYRTLE BEACH, SC 29588-7088

Claim ID#:
Program: 1703

### THIS IS NOT A BILL

Provider: GREGORY MENCKEN
Patient Control Number:
Claim Dates: 12/28/2019 - 12/28/2019
Authorized Dates: 12/28/2019 - 12/28/2019

The above listed claim has been administratively and clinically reviewed by the Department of Veterans Affairs to determine eligibility for payment of authorized medical care under Title 38 United States Code §1703.  Please refer to the table below for details.

| From Date | To Date | Service Code | Billed Charges | Amount Paid | Explanation(Please find remarks section at the bottom for detailed description) |
|---|---|---|---|---|---|
| 12/28/2019 | 12/28/2019 | 74160 | $325.00 | $0.00 | 55008, 60102 |
| 12/28/2019 | 12/28/2019 | 71260 | $312.00 | $0.00 | 60102 |
| 12/28/2019 | 12/28/2019 | 70450 | $248.00 | $0.00 | 60102 |
| 12/28/2019 | 12/28/2019 | Entire Claim | $885.00 | $0.00 | |

By Federal regulation, VA is the primary and exclusive payer for medical care it authorizes, except in the case of community emergency, non-service connected care.  As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA.  Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service.  You may be responsible for charges related to services provided outside the VA approved dates of service, including copays and deductibles for community emergency, non-service connected related care.

If you have any questions or concerns, please contact us at:

(877) 881-7618
700 South 19th Street
Birmingham, AL 35233

0176667



100008867111

THIS IS NOT A BILL

Remarks:

60102 – A duplicate service/procedure has been billed.
55008 – This Claim/Claim Line Has A Billing Issue.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

| Amount: | $4,269.50 | Sequence Number: | 7692574818 |
|---|---|---|---|
| Account: | | Capture Date: | 06/29/2020 |
| Bank Number: | | Check Number: | 50235860 |



Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|---|---|---|---|---|---|---|
| 06/29/2020 | | | Rtn Loc/BOFD | Y | | BANK OF AMERICA, NA |
| 06/29/2020 | | | Col Bank | N | | BANK OF AMERICA, NA |

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766



| Amount: | $6,450.40 | Sequence Number: | 7692574819 |
| Account: | | Capture Date: | 06/29/2020 |
| Bank Number: | | Check Number: | 5023586 |

**Electronic Endorsements:**

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|------|----------|--------|-----------|-----|-----|-----------|
| 06/29/2020 | | 111012822 | Col Bank | N | | BANK OF AMERICA, NA |
| 06/29/2020 | | 11000138 | Rtn Loc/BOFD | Y | | BANK OF AMERICA, NA |

Defendant's document production 0101



## SETTLEMENT AGREEMENT
### Private and Confidential

**Provider: Grand Strand Regional Medical Center, SC**
**Account #:**
**Patient Name: Cleve Ambrose**
**Date of Birth: 11/22/1991**
**Service Date: 12/27/2019**
**Total Billed Charges: $8,538.00**

Liberty Mutual Insurance a liability insurance company ("Carrier" inclusive of its members, owners, parent corporations, subsidiaries, divisions, and affiliates, as applicable) desires to resolve the above referenced account in connection with a liability claim for personal injury damages, without admitting liability, and/or under a personal injury protection or medical payment ("no-fault") policy, all for the benefit of Carrier's insured and Patient, as third-party beneficiary. Liberty Mutual Insurance presents the following offer:

**Settlement Offer: $4,269.50**

If you timely accept this settlement the following terms apply. The Total Billed Charges for the healthcare services provided on the Account are $8,538.00 for which provider agrees to accept the sum of $4,269.50 in full accord and satisfaction of the Account. Carrier shall issue payment of the settlement to Provider within 5 business days of receipt of Provider's timely acceptance. Provider releases, acquits and forever discharges Patient, Carrier, carriers insured and any and all other persons and entities responsible for Patient's account, from all sums due and/or all claims of any kind, arising from the financial obligations for the above referenced account that provider or anyone claiming by, thru or under provider has or might have on Patient's account, and hereby indemnifies and holds harmless Patient, Carrier, and Carrier's Insured with respect to any such claims. Provider's release is limited to this Account excluding other accounts for which Patient may have received healthcare services; Provider hereby releases any liens or subrogation interests it may have with respect to this account and, to the extent applicable in Provider's venue, shall prepare, transmit, and file a release of such lien or subrogation interest within a reasonable time, not to exceed sixty (60) days. Provider expressly warrants and represents that it has not in the past accepted, nor shall it in the future accept, any payment, in whole or in part, on this account, from any other person or entity, including but not limited to any health care insurer, government agency or factor/purchaser of account and that the "total billed charges" set forth above is true and correct. Provider agrees to execute such additional documents Carrier requests, including but not limited to, a business records affidavit(s) to authenticate the amount paid in connection with patient's claim against Carrier's insured and/or Carrier, all as Carrier determines to be necessary, desirable, or convenient. Carrier's insured(s) and Patient are third party beneficiaries of and through this agreement. Carrier's payment hereunder is made without any admission of liability for the underlying claim for personal injury damages. This agreement constitutes the party's entire agreement and supersedes all prior understandings, representations and agreements. The individuals whose signatures appear below represent that they are legally competent and duly authorized to act for and enter into this agreement on behalf of the respective party. This settlement agreement is null and void, if not signed by Provider, returned, AND received by Carriers agent for this transaction, ClaimTECH Solutions, at ClaimTECH's office in Plano, Texas, where Carriers obligations to perform hereunder is or is deemed to be, within five (5) business days from the "Presentment Date" specified below, UNLESS Carrier subsequently ratifies the transaction and issues payment of the settlement thereafter.

**Please send your acceptance of this offer to claims@claimtech.com or fax to (972) 767-3719.**

Accepted by Authorized Agents:

**ClaimTECH Solutions**

**Grand Strand Regional Medical Center**

Name: _T J Snider_

Title: _Legal Director_

Signature: _____

Presentment Date: May 29, 2020

Acceptance Date: _6/19/2020_

© Copyright 2020 - All Rights Reserved.

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

Defendant's document production 0102

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

**Form W-9**
(Rev. November 2017)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

Give Form to the requester. Do not send to the IRS.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Grand Strand Regional Medical Center, LLC

**2** Business name/disregarded entity name, if different from above

Grand Strand Medical Center

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☑ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

P.O. Box 402724

**6** City, state, and ZIP code

Atlanta, GA  30384-2724

**7** List account number(s) here (optional)

Requester's name and address (optional)

Physical Address:
809 82nd Parkway
Myrtle Beach, SC  29572-4607

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

| Social security number |
| --- |
| _ _ _ – _ _ – _ _ _ _ |

or

| Employer identification number |
| --- |

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶ *Laurie Haynes*   Date ▶ 6-27-18

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)
• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
• Form 1099-S (proceeds from real estate transactions)
• Form 1099-K (merchant card and third party network transactions)
• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
• Form 1099-C (canceled debt)
• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Cat. No. 10231X                Form W-9 (Rev. 11-2017)

Defendant's document production 0103

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766



## SETTLEMENT AGREEMENT
### Private and Confidential

**Provider:** Grand Strand Regional Medical Center, SC
**Account #:**
**Patient Name:** Cleve Ambrose
**Date of Birth:** 11/22/1991
**Service Date:** 12/28/2019
**Total Billed Charges:** $16,126.00

Liberty Mutual Insurance a liability insurance company ("Carrier" (inclusive of its members, owners, parent corporations, subsidiaries, divisions, and affiliates, as applicable)) desires to resolve the above referenced account in connection with a liability claim for personal injury damages, without admitting liability, and/or under a personal injury protection or medical payment ("no-fault") policy, all for the benefit of Carrier's insured and Patient, as third-party beneficiary. Liberty Mutual Insurance presents the following offer:

### Settlement Offer: $6,450.40

If you timely accept this settlement the following terms apply. The Total Billed Charges for the healthcare services provided on the Account are $16,126.00 for which provider agrees to accept the sum of $6,450.40 in full accord and satisfaction of the Account. Carrier shall issue payment of the settlement to Provider within 5 business days of receipt of Provider's timely acceptance. Provider releases, acquits and forever discharges Patient, Carrier, carriers insured and any and all other persons and entities responsible for Patient's account, from all sums due and/or all claims of any kind, arising from the financial obligations for the above referenced account that provider or anyone claiming by, thru or under provider has or might have on Patient's account, and hereby indemnifies and holds harmless Patient, Carrier, and Carrier's insured with respect to any such claims. Provider's release is limited to this Account excluding other accounts for which Patient may have received healthcare services; Provider hereby releases any liens or subrogation interests it may have with respect to this account and, to the extent applicable in Provider's venue, shall prepare, transmit, and file a release of such lien or subrogation interest within a reasonable time, not to exceed sixty (60) days. Provider expressly warrants and represents that it has not in the past accepted, nor shall it in the future accept, any payment, in whole or in part, on this account, from any other person or entity, including but not limited to any health care insurer, government agency or factor/purchaser of account and that the "total billed charges" set forth above is true and correct. Provider agrees to execute such additional documents Carrier requests, including but not limited to, a business records affidavit(s) to authenticate the amount paid in connection with patient's claim against Carrier's insured and/or Carrier, all as Carrier determines to be necessary, desirable, or convenient. Carrier's insured(s) and Patient are third party beneficiaries of and through this agreement. Carrier's payment hereunder is made without any admission of liability for the underlying claim for personal injury damages. This agreement constitutes the party's entire agreement and supersedes all prior understandings, representations and agreements. The individuals whose signatures appear below represent that they are legally competent and duly authorized to act for and enter into this agreement of behalf of the respective party. This settlement agreement is null and void, if not signed by Provider, returned, AND received by Carriers agent for this transaction, ClaimTECH Solutions, at ClaimTECH's office in Plano, Texas, where Carriers obligations to perform hereunder is or is deemed to be, within five (5) business days from the "Presentment Date" specified below, UNLESS Carrier subsequently ratifies the transaction and issues payment of the settlement thereafter.

Please send your acceptance of this offer to claims@claimtech.com or fax to (972) 767-3719.

Accepted by Authorized Agents:

ClaimTECH Solutions

Presentment Date: May 29, 2020

Grand Strand Regional Medical Center

Name: _TJ Snider_

Title: _Legal Director_

Signature: _____

Acceptance Date: _6/19/2020_

© Copyright 2020 - All Rights Reserved.

Defendant's document production 0104

ELECTRONICALLY FILED - 2021 Mar 08 1:21 PM - HORRY - COMMON PLEAS - CASE#2020CP2602766

**Form W-9**
(Rev. November 2017)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the
requester. Do not
send to the IRS.**

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**Grand Strand Regional Medical Center, LLC**

2 Business name/disregarded entity name, if different from above

**Grand Strand Medical Center**

3 Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC     ☐ C Corporation     ☐ S Corporation     ☐ Partnership     ☐ Trust/estate

☑ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

5 Address (number, street, and apt. or suite no.) See instructions.

**P.O. Box 402724**

6 City, state, and ZIP code

**Atlanta, GA  30384-2724**

Requester's name and address (optional)

**Physical Address:
809 82nd Parkway
Myrtle Beach, SC  29572-4607**

7 List account number(s) here (optional)

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

[ ] [ ] [ ] – [ ] [ ] – [ ] [ ] [ ] [ ]

or

Employer identification number

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**

Signature of U.S. person ▶ *Laurie Haynes*

Date ▶ 6-27-18

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding.* See *What is backup withholding*, later.

Cat. No. 10231X

Form **W-9** (Rev. 11-2017)

Defendant's document production 0105